UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLENN G. HUMPHREY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-11298-JLT |
| | * | |
| THE PAUL REVERE LIFE INS. CO., | * | |
| HEIDI R. ALMEIDA, and | * | |
| SCITUATE RAY PRECAST, CORP., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

March 15, 2012

TAURO, J.

I.  Introduction

This action stems from a claim brought by Plaintiff Glenn Humphrey against the Paul Revere Life Insurance Company, Scituate Ray Precast Corp., and Heidi R. Almeida, regarding whether Plaintiff is the rightful recipient of Douglas J. Humphrey's life insurance benefits. At issue here is Defendant Paul Revere's Motion to Dismiss and to Strike Jury Demand [#3] and Plaintiff's Motion for Leave to Amend the Complaint [#18]. For the following reasons, Defendant Paul Revere's Motion to Dismiss and to Strike Jury Demand is ALLOWED IN PART and DENIED WITHOUT PREJUDICE IN PART, and Plaintiff's Motion for Leave to Amend the Complaint is DENIED WITHOUT PREJUDICE.

II. Background[1]

In 1994, Defendant Paul Revere Life Insurance Company ("Paul Revere") issued to Defendant Scituate Ray Precast Corporation ("Scituate Ray") a group insurance policy.[2] Douglas J. Humphrey ("Decedent") received life insurance from Defendant Paul Revere, by way of his employment with Defendant Scituate Ray.[3] Decedent passed away on October 22, 2010. At the time of his death, Decedent was divorced from Defendant Almeida.[4] Plaintiff is the brother of Decedent.[5]

On December 1, 2010, Plaintiff informed Defendant Paul Revere that Plaintiff believed the beneficiary designation on Decedent's life insurance, which indicated that Defendant Almeida was the beneficiary, had been altered.[6] Plaintiff believed that he, not Defendant Almeida, was entitled to Decedent's life insurance benefits.[7] Defendant Paul Revere later informed Defendant Scituate Ray that Plaintiff thought someone had tampered with the designation on Decedent's life

---

[1] Because the issues analyzed here arise in the context of a Motion to Dismiss, this court presents the facts as they are related in Plaintiff's complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] Compl. ¶ 7 [#1-1].

[3] Compl. ¶ 10 [#1-1].

[4] Compl. ¶ 17 [#1-1].

[5] Compl. ¶ 9 [#1-1].

[6] Compl. ¶ 21 [#1-1].

[7] Compl. ¶ 21 [#1-1].

insurance.[8]

On December 14, 2010, Defendant Paul Revere sent Defendant Almeida a check by FedEx priority overnight for Decedent's life insurance benefits,[9] and the next day notified Plaintiff by letter that it paid Defendant Almeida the life insurance benefits.[10]

On June 1, 2011, Plaintiff filed a complaint in Plymouth Superior Court alleging the following five counts: (1) Breach of Contract against Defendant Paul Revere; (2) Breach of the Covenant of Good Faith and Fair Dealing against Defendant Paul Revere; (3) Declaratory Judgment against Defendant Paul Revere; (4) Negligence against Defendant Scituate Ray; and (5) Unjust Enrichment against Defendant Almeida.[11]

On July 21, 2011, Defendants removed the action to this court, alleging the Employee Retirement Income Security Act of 1974[12] ("ERISA") governs Plaintiff's claims against Defendants Paul Revere and Scituate Ray.[13] On July 28, 2011, Defendant Paul Revere filed a <u>Motion to Dismiss and to Strike Jury Demand</u> [#3], claiming that ERISA provided the exclusive remedy for Plaintiff's three state law claims against it. On October 20, 2011, this court granted Plaintiff leave to amend the complaint to satisfy ERISA's pleading requirements,[14] and Plaintiff

---

[8] Compl. ¶ 25 [#1-1].

[9] Compl. ¶ 27 [#1-1].

[10] Compl. ¶ 28 [#1-1].

[11] Compl. ¶ 40-63 [#1-1].

[12] 29 U.S.C. § 1001. et seq (2006).

[13] Notice of Removal [#1].

[14] Order [#17].

3

filed a Motion for Leave to Amend the Complaint [#18] on November 9, 2011.

III.   Discussion

The question presented by the motions currently before the court is whether ERISA's preemption clause, § 514(a), applies to Plaintiff Humphrey's state law claims. ERISA preempts state law claims that "relate to" employment welfare benefit plans.[15] A state cause of action "relates to" an employee benefit plan "'if it has a connection with or reference to such a plan.'"[16] A state law claim can relate to an employee benefit plan, "even if the [claim] is not specifically designed to affect such plans, or the effect is only indirect."[17]

The Supreme Court has warned against a literal reading of § 514(a)'s "relate to" standard, and instead indicated that courts should look to ERISA's objectives as a guide to preemption analysis.[18] One of ERISA's primary objectives is to promote a national uniform administration of employee benefit plans and avoid inconsistent state regulation of such plans.[19] Any causes of action that are used as alternative enforcement mechanisms to ERISA's own enforcement scheme

---

[15] Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 7 (1st Cir. 1999) (citing 29 U.S.C. § 1144(a)). As a point of note, there is no dispute amongst the parties that the plan at issue here is an "employee benefit plan," within the meaning of ERISA.

[16] Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)).

[17] Zipperer, 493 F.3d at 53 (quoting Ingersoll-Rand Co., 498 U.S. at 139).

[18] N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995).

[19] Danca, 185 F.3d at 7 (citing Travelers, 514 U.S. at 656-58).

4

frustrate that objective and, accordingly, should be preempted.[20]

ERISA's preemption clause therefore precludes a plaintiff from using a state law alternative enforcement mechanism to obtain damages from the wrongful withholding of rights under an ERISA plan.[21] In other words, ERISA preempts state remedies "for what is in essence a plan administrator's refusal to pay allegedly promised benefits."[22]

Here, Plaintiff asserts that "Paul Revere . . . breached the Policy by paying the benefits to Almeida when it knew or should have known that [Plaintiff] was the proper party to whom such benefits should have been paid."[23] In essence, Plaintiff's breach of contract claim asserts that Defendant Paul Revere refused to pay promised benefits under an employee benefit plan. Thus, Plaintiff's breach of contract claim is an alternative enforcement mechanism in that it alleges precisely the same conduct that underlies an ERISA claim. The relief requested by Plaintiff focuses on plan benefits. Finding Defendant Paul Revere liable for breach of contract would require the court to order Defendant Paul Revere to pay plan benefits.[24] As to Count I in the Complaint (Breach of Contract), Paul Revere's Motion to Dismiss is ALLOWED.

Pursuant to this court's October 20, 2011 order, Plaintiff filed a Motion for Leave to Amend the Complaint and a proposed amended complaint. The proposed amended complaint

---

[20] See Zipperer, 493 F.3d at 53.

[21] See Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 51 (1st Cir. 2000).

[22] Id. (quoting Turner v. Fallon Cnty. Health Plan, 127 F.3d 196, 199 (1st Cir. 1997)).

[23] Compl. ¶ 43 [#1-1].

[24] See Hampers, 202 F.3d at 54 (finding all of the above factors conclusive in deciding that ERISA preempted a state law contract claim).

drops Plaintiff's claims for Breach of the Covenant of Good Faith and Fair Dealing and Declaratory Judgment against Defendant Paul Revere and, instead, properly states two claims for relief within ERISA's framework.[25]

Plaintiff's proposed amended complaint, however, fails to eliminate all state law claims that operate as alternative enforcement mechanisms to ERISA's own enforcement scheme and, therefore, Plaintiff's <u>Motion for Leave to Amend the Complaint</u> [#18] is DENIED WITHOUT PREJUDICE. Plaintiff has until March 28, 2012, to file a new motion for leave to amend the complaint to satisfy the pleading requirements of the Employee Retirement Income Security Act of 1974.

In light of the proposed amended complaint, the <u>Motion to Dismiss</u> is DENIED WITHOUT PREJUDICE as to Plaintiff's claims for the Breach of the Covenant Good Faith and Fair Dealing and Declaratory Judgment. Defendant Paul Revere's <u>Request to Strike Jury Demand</u> is also DENIED WITHOUT PREJUDICE. Plaintiff only demanded a jury trial as to all issues properly triable by a jury, and ERISA claims are not properly triable by a jury.[26] If Plaintiff demands a jury trial as to ERISA claims, then Defendant Paul Revere is free to once again bring its request to strike jury demand.

IV. <u>Conclusion</u>

For the foregoing reasons, Defendant Paul Revere's <u>Motion to Dismiss and to Strike Jury Demand</u> [#3] is ALLOWED as to Plaintiff's claim for Breach of Contract, and DENIED WITHOUT PREJUDICE as to Plaintiff's claims for Breach of the Covenant Good Faith and Fair

---

[25] <u>See</u> Proposed Am. Compl. [#19].

[26] <u>See</u> <u>Charlton Mem'l Hosp. v. Foxboro Co.</u>, 818 F. Supp. 456, 459-60 (D. Mass. 1993).

Dealing and Declaratory Judgment. Defendant Paul Revere's Request to Strike Jury Demand is also DENIED WITHOUT PREJUDICE. Plaintiff's Motion for Leave to Amend the Complaint [#18] is DENIED WITHOUT PREJUDICE. Plaintiff may file a new motion for leave to amend the complaint by March 28, 2012.

AN ORDER HAS BEEN ISSUED.

    /s/ Joseph L. Tauro
United States District Judge